**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JOSHUA F. PETER, ET AL., | Superior Court Case No. <u>CV0426-18</u> |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER RE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| FRANCIS GILL, ET AL., | |
| Defendants. | |

The Court here addresses Plaintiffs' Motion for Partial Summary Judgment and Defendants' Counter-Motion for Partial Summary Judgment. Plaintiffs ask the Court to find that Defendant Stephanie Mendiola has deeded her interest in the 14 lots to Defendant Cyfred, Ltd. and that Defendants' fraud claims are meritless. Pls.' Mot. Partial Summ. J. (June 17, 2019). Defendants oppose Plaintiffs' arguments and ask the Court to rule in their favor. Opp'n to Mot. and Counter-Mot. Summ. J. (Aug. 9, 2019). Having considered the parties' arguments and applicable law, the Court DENIES Plaintiffs' Motion and DENIES Defendants' Counter-Motion.

## I. PROCEDURAL HISTORY

Following the Court's October 3, 2019 Decision and Order re Defendants' Motion for Partial Summary Judgment, Plaintiffs have one remaining claim--a declaratory judgment claim against Mendiola based on the alleged transfer of her interests in the 14 lots to Cyfred in April 2014.

ORIGINAL

## II.  UNDISPUTED FACTS

1. Cyfred, Defendant Francis Gill, and Plaintiffs entered into a Settlement Agreement to resolve litigation concerning the Gill Baza Subdivision. The Settlement Agreement's terms provide Plaintiffs with clear title to their 14 lots. Compl., Ex. 1 at 13 ¶ 2 (April 30, 2018).

2. The Settlement Agreement states that it "will be effective when Mr. Gill, Cyfred, UPIC, all the Homeowners and the Abaloses have fully signed it . . . ." Compl., Ex. 1 at 2 ¶ vi.

3. When the parties entered into the Settlement Agreement, Cyfred had a bankruptcy case pending. Compl., Ex. 1 at 30 ¶ 20 (referencing *In re Cyfred, Ltd.*, Bankr. D. Guam Case No. 11-00078).

4. The parties to the Settlement Agreement agreed that the Settlement Agreement was subject to the approval of the Bankruptcy Court. Compl., Ex. 1 at 30 ¶ 20.

5. The Bankruptcy Court denied approval of the Settlement Agreement. Compl., Ex. 2 at 1 ¶ i.

6. Thereafter, a Reconfirmed and Amended Settlement Agreement for the Gill-Baza Cases ("Reconfirmed Settlement Agreement") was executed by Gill, Cyfred, and Wayson Wong as "attorney for UPIC, the Homeowners, and the Abaloses." Compl., Ex. 2. The Reconfirmed Settlement Agreement reconfirmed the rights and obligations of the Settlement Agreement subject to specified modifications and deleting the Bankruptcy Court's approval. Compl., Ex. 2 at 1-2.

7. The Reconfirmed Settlement Agreement indicated that despite the Bankruptcy Court's rejection, the parties wished to continue the settlement. Compl., Ex. 2 at 1 ¶ i.

ORIGINAL

8. Other documents pertinent to the settlement were then executed, including Second Amended Escrow Instructions and a First Amended Mutual Release of Claims. Compl., Ex. 3; First Am. Add. Pls.' Supp. Opp'n Defs.' Mot. Disqualify Wong, Ex. II (June 17, 2019).

9. On April 22, 2014, Mendiola emailed Plaintiffs' counsel: "I provided the signed deed and [affidavit] to Curtis." Compl., Ex. 12.

10. On or about April 23-24, 2014, Gill emailed Plaintiffs' counsel, stating "Now that the Steph Mendiola issue is resolved, we need to take care of the GWA suit (I wish you had sent that letter to Steph months ago when I told you to send it so we could have been done with this)." Pls.' Mot. Partial Summ. J., Ex. 1.

11. In an email dated August 5, 2014, Plaintiffs' counsel emailed Mendiola's counsel with regard to the deed: "Thank you for advising me last month that you hold a recordable deed from Stephanie Mendiola...You said that you would give us the deed if all of my clients provide her with a release. I don't think that is a valid condition...." Compl., Ex. 13; Reply to Pls.' Supp. Opp'n at 11 (June 11, 2019).

12. In a October 26, 2016 email to Plaintiffs' counsel, Mendiola stated: "My offer was/is that I will provide you with my copies of the executed - signed and notarized - Quitclaim Deeds and [affidavits] to the 14 lots....Please be clear, though, I never offered to assign my rights to the *original* Deeds/[affidavits]. As I have previously mentioned, I have no rights to the originals...[I offer] to assist you by requesting and strongly urging Cyfred/Francis (via Curtis) to record or relinquish the original Deeds." Pls.' Supp. Opp'n Defs. Mot. Partial Summ. J., Ex. D (June 25, 2019) (emphasis in original).

ORIGINAL

13. In her May 11, 2019 deposition, Mendiola stated: "I intended to transfer. But whether I transferred it depends on the legality of what is required for transfer." Pls.' Supp. Opp'n Defs. Mot. Partial Summ. J., Ex. A, Depo. Mendiola at 29.

## III.   LAW AND DISCUSSION

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." GRCP 56(c). A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). A material fact is "one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Iizuka Corp.*, 1997 Guam 10 ¶ 7. "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Id.* at ¶ 8 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986)). However, "the Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7 (citing *Anderson*, 477 U.S. at 249).

Plaintiffs contend that Mendiola no longer has title to the 14 lots at issue because she delivered the deed to the lots in April 2014. They argue Mendiola mailed a copy of a signed, notarized deed to the lots to Cyfred's attorney in 2014, thereby transferring her interests in the lots to Cyfred. Pls.' Supp. Opp'n Defs. Mot. Partial Summ. J. at 7-8. Under 19 GCA § 40303, a

ORIGINAL

grant of property "takes effect, so as to vest the interest intended to be transferred, only upon its delivery by the grantor." As it is fashioned after California Civil Code § 1054, the Court looks to California case law for guidance.

To constitute a valid delivery, there must be a mutual intention on the part of the parties, physical delivery of the deed, acceptance by the grantee, and an intention on the part of the grantor to transfer title immediately. *Gonzales v. Gonzales*, 73 Cal. Rptr. 83, 88 (Ct. App. 1968). The parties do not dispute that Mendiola physically mailed a copy to Cyfred's attorney, and physical delivery of a deed raises an inference that the grantor intended to transfer title immediately. *Luna v. Brownell*, 110 Cal. Rptr. 3d 573, 576 (Ct. App. 2010). However, the inference may be overcome by evidence showing a contrary intent. *Id*. Here, Defendants dispute Mendiola's intent to transfer title and Cyfred's acceptance of the transfer. Reply to Pls.' Supp. Opp'n at 11 (June 17, 2019).

A grantor's intent is a question of fact to be determined by the surrounding circumstances of the transaction. *Perry v. Wallner*, 23 Cal. Rptr. 352, 353–54 (Ct. App. 1962). If a grantor delivers a deed to a grantee with the intent to irrevocably convey title, it is immaterial if the grantor changes his or her mind moments later. *Stone v. Daily*, 185 P. 665, 667 (Cal. 1919); *see also Pickens v. Merriam*, 274 F. 1, 14–15 (9th Cir. 1921). Failing to record a deed, *Gonzales*, 73 Cal. Rptr. 83 at n.7, or retaining a deed for safekeeping after a deed is initially given to a grantee does not preclude a finding of delivery. *Stone*, 185 P. 665 at 669; *see also Drummond v. Drummond*, 103 P.2d 217, 219 (Cal. App. 1940). However, a grantor's retention of a deed with no other supporting facts of delivery can support a conclusion of nondelivery. *Miller v. Jansen*, 132 P.2d 801, 803 (Cal. 1943).

ORIGINAL

Mendiola's first email to Plaintiffs' counsel in April 2014 does not indicate a condition for the delivery of the deed: "I provided the signed deed and [affidavit] to Curtis." Compl., Ex. 12. She later states in October that she no longer retains the original deed and can only transfer copies of her deed to Plaintiffs. Pls.' Supp. Opp'n Defs. Mot. Partial Summ. J., Ex. D  In her deposition, she states the following about her alleged 2014 delivery: "I intended to transfer. But whether I transferred it depends on the legality of what is required for transfer." Pls.' Supp. Opp'n Defs. Mot. Partial Summ. J., Ex. A, Depo. Mendiola at 29, ln. 7-9.

However, Defendants argue the August 2014 email demonstrates Mendiola's delivery of the deed was always conditioned on Plaintiffs providing Mendiola with a general release. Compl., Ex. 13; Reply to Pls.' Supp. Opp'n at 11. In that email, Plaintiffs' counsel thanks Defendants' counsel for informing him that Cyfred had a recordable deed from Mendiola but disputes the validity of attaching a condition to its delivery: "You said that you would give us the deed if all of my clients provide her with a release...I don't think that is a valid condition...." Compl., Ex. 13; Reply to Pls.' Supp. Opp'n at 11. Reading the evidence in the light most favorable to Defendants, the Court finds a factual dispute exists as to whether Mendiola delivered the deed without the release condition in April 2014, thereby making her subsequent condition improper and untimely, or whether the release condition always existed, thereby demonstrating her intent to never irrevocably part with title to the lots.

Cyfred also disputes its acceptance of the deed. Though "[w]hether the deed was accepted by the grantee so as to complete a transfer of title to him is likewise a question of fact for the trial court," *Perry v. Wallner*, 23 Cal. Rptr. 352, 354 (Ct. App. 1962), "acceptance may be presumed, as in the case where the grant is beneficial to the grantee." *Neil v. Gross*, 101 F.2d 153, 155 (9th Cir. 1939) (citing to *De Levillain v. Evans*, 39 Cal. 120, 123 (1870) ("In the case of

ORIGINAL

an adult donee, if the donation is for his advantage he will be presumed to have accepted it unless the contrary appears.").

Defendants argue Cyfred did not accept delivery because Mendiola delivered it to Mr. Van de veld, whom "Plaintiffs present absolutely no evidence that Cyfred had retained [] to represent it in obtaining the deed for Cyfred...[and Plaintiffs have] been unable to show that Mr. Van de veld was Cyfred's general agent." Reply to Pls.' Supp. Opp'n at 11. Defendants' argument does not go towards Cyfred's acceptance, however; it questions whether the delivery itself was proper. The Court finds delivery was proper because delivery does not need to be made to the grantee or to a person authorized by the grantee to accept the deed. 19 GCA § 40308; *see also Herman v. Mortensen*, 164 P.2d 551, 555 (Cal. App. 1945). A deed may be delivered to a stranger for the benefit of the grantee, and his assent may be presumed if the conveyance is beneficial. 19 GCA § 40308; *see also Herman*, 164 P.2d 551 at 555 (quoting *Neely v. Buster*, 195 P. 736, 738 (Cal. App. 1920) ("if the delivery be made to a stranger, for, and in behalf of the grantee, and to his use, it is a good delivery, although the grantee may in truth be entirely ignorant of the conveyance, for, if the delivery be absolute, the assent of the grantee is presumed from the fact that the conveyance is beneficial to him."). Moreover, Mendiola's October 2016 email to Plaintiffs' counsel indicates that, to the best of her knowledge, Cyfred had the original deeds and accepted them. Pls.' Supp. Opp'n Defs. Mot. Partial Summ. J., Ex. D.

Cyfred's final argument is that Gill's statement--"Now that the Mendiola issue is resolved..."--does not amount to a constructive acceptance by Cyfred. Opp'n to Mot. Partial Summ. J. and Counter-Mot. at 7-8. However, this is not evidence which demonstrates refusal of the deed at the time it was conveyed. Because there is no evidence of a refusal, and the conveyance of the deed is beneficial to it, the law presumes Cyfred accepted Mendiola's deed.

ORIGINAL

The Court therefore finds that the only factual dispute concerns whether Mendiola delivered the deed without the release condition in April 2014, thereby transferring her interest in the lots to Cyfred.

As part of their Counter-Motion, Defendants ask the Court to find that even if Cyfred accepted the deed from Mendiola, Cyfred was under no obligation to provide Plaintiffs with the deed and that the doctrine of subsequently acquired title does not apply. Opp'n to Mot. Partial Summ. J. and Counter-Mot. at 7. As explained in the Court's Decision and Order Re Defendants' Motion for Partial Summary Judgment, Plaintiffs do not have a breach of contract claim against Defendants, and therefore Cyfred is under no obligation to provide Plaintiffs with the deed pursuant to the terms of the Settlement Agreement. However, the Court declines to address Defendants' request that the Court find that the doctrine of subsequently acquired title does not apply because Plaintiffs have not yet asserted the doctrine and it would be premature for the Court to give an opinion on its application.

Finally, Plaintiffs ask the Court to find Defendants' fraud defenses meritless and strike them from their answer. Mot. Partial Summ. J. at 8. These defenses concern Plaintiffs' alleged lack of authority to contract on behalf of Plaintiffs with Cyfred for the subsequent iterations of the Settlement Agreement. Defendants in turn ask the Court to find summary judgment in their favor with regard to these fraud defenses. Opp'n to Mot. Partial Summ. J. and Counter-Mot. at 14-17. However, neither these fraud defenses or their facts involve Mendiola or the remaining declaratory judgment claim in this case. Accordingly, the Court finds them moot.[1]

---

[1] The Court makes no determination as to the applicability of the fraud assertions in CV0425-18 or CV0736-18.

ORIGINAL

## IV.    CONCLUSION

For the aforementioned reasons, the Court finds a factual dispute exists concerning Mendiola's intent when she transferred her deed to Cyfred. Accordingly, the Court finds summary judgment inappropriate and hereby DENIES Plaintiffs' Motion and DENIES Defendants' Counter-Motion. The Court reminds the parties that still pending before the Court is Defendants' Ex Parte Application to Reconsider the Court's December 27, 2018 Decision and Order, which also deals with the claims against Mendiola.

SO ORDERED this 7th day of October 2019.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

... edge that a copy of the
... reto was placed in the
...

WONG

VAN DE VELD

1/7/19

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola

ORIGINAL